**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL MAINES, an individual; FIREARMS POLICY COALITION, INC.; and NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN BETHEL, in his official capacity as Police Commissioner of the Police Department of Philadelphia, Pennsylvania; and LIEUTENANT COLONEL GEORGE L. BIVENS, in his official capacity as Commissioner of the Pennsylvania State Police,<br><br>Defendants. | Civil Action No.: 2:26-cv-08301 |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF**

Plaintiffs Daniel Maines, Firearms Policy Coalition, Inc. ("FPC"), and National Rifle Association of America ("NRA") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint against Defendants and allege as follows:

**INTRODUCTION**

1. "[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 8 (2022). This right presumptively "belongs to all Americans," not "an unspecified subset." *District of Columbia v. Heller*, 554 U.S. 570, 580, 581 (2008); *see also Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 435–36 (3d Cir. 2025), cert. denied, 2026 WL 1871315 (June 30, 2026).

On his eighteenth birthday, Daniel Maines became a legal adult for almost all purposes and certainly for the purpose of exercising his other constitutionally protected rights. He can vote, enter contracts, and get married. He can join the military to fight and die for his country. And as an adult, there are no parents or other legal guardians generally responsible for his care and protection. Yet the Pennsylvania laws challenged here prevent him from exercising his Second Amendment protected rights on par with all other adult Americans.

2. Pennsylvania generally prohibits carrying or transporting a firearm outside the home either concealed on one's person or transported in one's vehicle without a license issued in accordance with Pennsylvania's Uniform Firearms Act ("UFA"). 18 Pa.C.S. § 6101, et seq. Therefore, the only lawful avenue to exercise one's right to carry firearms in such ways is to apply for and obtain a "license to carry a firearm" ("carry license"). Moreover, Pennsylvania prohibits carrying a firearm on the streets of Philadelphia without a carry license. *Id.* § 6108.

3. The process to apply for and receive a license is dictated by the statutory scheme, which charges the Sheriff in the county of the applicant's residence (or the chief of police for those in the City of Philadelphia) with the duty of accepting, processing, and granting or denying the applications. *Id.* § 6109(b), (d), (e), (g).

4. Adults under 21 years of age, however, are ineligible to apply for or obtain a carry license by the Commonwealth. *Id.* § 6109(b) ("An individual *who is 21 years of age or older* may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.") (emphasis added).

5. Consequently, the government officials charged with administering the licensure process at the local level—including the local Defendant here—will not issue carry licenses to adults under the age of 21. *See, e.g.*, Application Information, Philadelphia Police Dep't,

https://tinyurl.com/mtsyv896 ("Only applicants 21 years of age or older … may apply for a Pennsylvania license to carry a firearm through the Philadelphia Police Department.").

6. Therefore, Plaintiff Maines and all similarly situated individuals, including Organizational Plaintiffs' 18-to-20-year-old Pennsylvania-resident members, are precluded from applying for and obtaining a carry license, and thus precluded from lawfully exercising their right to keep and bear arms outside the home as they are entitled to under the United States Constitution. In short, Pennsylvania's permitting regime denies Plaintiffs their "general right to public carry" in the Commonwealth. *Bruen*, 597 U.S. at 33.

7. All these individuals remain under a clear and continuing threat of criminal sanction should they attempt to carry a concealed firearm or transport a firearm in a vehicle without the statutorily mandated carry license that they are ineligible to obtain under Pennsylvania's laws (i.e., 18 Pa.C.S. §§ 6106, 6108, 6109, 6119, and the related laws, regulations, customs, and policies implementing and enforcing the same; collectively referred to herein as the "Carry Ban" or "Ban").

8. To be sure, "[o]rdinarily, Pennsylvanians without a concealed-carry license may carry openly," but there are significant exceptions to that rule. *Lara*, 125 F.4th at 431. The net result of Pennsylvania's carry bans is that Plaintiffs cannot carry firearms in Philadelphia, anywhere they travel by car, or within 1,000 ft of any school property under the Federal Gun Free School Zone Act.

9. *Lara*'s determination that an effective ban on carry by 18-to-20-year-olds violates the Second Amendment controls this case. "Taking [its] cue from the Supreme Court," the Third Circuit held that "18-to-20-year-olds are, like other subsets of the American public, presumptively among 'the people' to whom Second Amendment rights extend." 125 F.4th at 436, 438. And there is no historical tradition that justifies treating such adults on discriminatory footing compared with adults over 21 years of age. *See id.* at 440–45; *see also Worth v. Jacobson*, 108 F.4th 677, 695–98

(8th Cir. 2024) (holding that Minnesota's 21-year-old age limit for carry licenses violated the Second Amendment); *accord Reese v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 127 F.4th 583, 595–600 (5th Cir. 2025) (holding unconstitutional the federal ban on selling handguns to 18-to-20-year-old adults).

10. Pennsylvania's regulatory scheme prohibiting 18-to-20-year-old adults from obtaining a carry license violates the Second and Fourteenth Amendments. The Court should enter a judgment that declares Pennsylvania's age requirement unconstitutional and enjoins Defendants (and all those under Defendants' supervision) from enforcing it.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343.

12. Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 as well as 42 U.S.C. §§ 1983 and 1988. Plaintiffs also invoke the Court's inherent equitable authority to remedy constitutional violations. *See Ex parte Young*, 209 U.S. 123 (1908).

13. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## THE PARTIES

***Plaintiff Daniel Maines***

14. Plaintiff Daniel Maines is a natural person, over the age of 18 but under the age of 21, a citizen of the United States, and a resident of Philadelphia County, Pennsylvania. Plaintiff Daniel Maines desires to apply for a carry license and would do so if the Commonwealth permitted him to do so, but he is prohibited from applying for a carry license because he is under 21 years of age.

15. Plaintiff Daniel Maines is legally eligible to possess and acquire firearms under state and federal law. He has never been charged with nor convicted of any misdemeanor or felony offense, let alone one prohibiting him from possessing or acquiring firearms.

16. Plaintiff Daniel Maines is a responsible, peaceable, law-abiding citizen with no history of mental illness, violent behavior, or other conduct posing any threat or danger to himself or any member of the public.

17. Plaintiff Daniel Maines desires to carry a handgun in public for self-defense, including but not limited to concealed upon his person throughout the Commonwealth, while traveling in a vehicle, and while traveling in and through the city of Philadelphia. He has refrained from doing so because of the Carry Ban, but if the Carry Ban did not require a license for him to carry in this manner, he would do so immediately.

18. Plaintiff Daniel Maines therefore refrained from carrying a firearm in public for self-defense in Pennsylvania because of the Commonwealth's laws and regulatory scheme challenged herein. Apart from the age requirement, Plaintiff Daniel Maines is eligible for a carry license in Pennsylvania. Plaintiff Daniel Maines is a member of Plaintiffs FPC and NRA.

***Plaintiff Firearms Policy Coalition***

19. Plaintiff FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. Plaintiff FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. Plaintiff FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. Plaintiff FPC's members reside both within and outside the Commonwealth of Pennsylvania. Plaintiff FPC brings this action on behalf of its Pennsylvania-resident members who are between 18 and 20 years of

age, who are legally eligible to possess and acquire firearms, and who wish to carry firearms in public but are prohibited from doing so by Defendants. Plaintiff Maines is a member of FPC.

***Plaintiff National Rifle Association***

20. Plaintiff NRA is a nonprofit corporation organized under the laws of the State of New York with its principal place of business in Fairfax, Virginia. Plaintiff NRA is America's oldest civil rights organization and a foremost defender of Second Amendment rights. It was founded in 1871 by Union generals who, based on their Civil War experiences, sought to promote firearms marksmanship and expertise amongst the citizenry. Today, Plaintiff NRA is America's leading provider of firearms marksmanship and safety training for both civilians and law enforcement. Plaintiff NRA has millions of members across the nation, including in Pennsylvania. Plaintiff NRA brings this action on behalf of its Pennsylvania-resident members who are between 18 and 20 years of age, who are legally eligible to possess and acquire firearms, and who wish to carry firearms in public but are prohibited from doing so by Defendants. Plaintiff Maines is a member of NRA.

***Defendant Kevin Bethel***

21. Defendant Kevin Bethel is the Police Commissioner of the Police Department of Philadelphia, Pennsylvania, the county of Plaintiff Daniel Maines's residence.

22. In his capacity as Police Commissioner of the Philadelphia Police Department, Defendant Bethel is charged with investigating and determining the applicant's background and eligibility for a carry license. 18 Pa.C.S. § 6109(d). Based on this investigation, as Police Commissioner, Defendant Bethel is charged with the responsibility of granting or denying the applications for a carry license in Philadelphia, and he is charged with the responsibility of issuing carry licenses for those Philadelphia residents whose applications are granted. *Id.* § 6109(e) & (g).

Defendant Bethel, as Police Commissioner, is further charged with the responsibility of revoking carry licenses when grounds for doing so arise. *Id.* § 6109(i) & (i.1).

23. As Police Commissioner, and as required by statute, Defendant Bethel is actively implementing and enforcing the Carry Ban in Philadelphia. The public-facing website that Defendant Bethel maintains as Police Commissioner declares as follows:

- Only applicants 21 years of age or older, residing in the county of Philadelphia, may apply for a Pennsylvania license to carry a firearm through the Philadelphia Police Department. Application Information, Philadelphia Police Dep't, https://tinyurl.com/mtsyv896**.**
- Can I carry my firearm concealed in my vehicle?
  - … If you do not possess a PA License to Carry Firearms … you may not carry a firearm concealed or in your vehicle. License to Carry FAQs, Philadelphia Police Dep't, https://tinyurl.com/mtsyv896.
- Can I "open carry" my firearm in my vehicle without a License?
  - No. A PA License to Carry Firearms is required to be able to have a firearm in your vehicle. This means that even if you have your firearm out in the open and visible while in your vehicle, you must still possess a License to Carry Firearms. *Id.*

24. Defendant Bethel is sued in his official capacity as Police Commissioner of the Philadelphia Police Department.

***Defendant Lieutenant Colonel George L. Bivens***

25. Lieutenant Colonel George L. Bivens is the head and Acting Commissioner of the Pennsylvania State Police.

26. In his capacity as Acting Commissioner, Defendant Bivens "exercises command, administrative, and fiscal authority over the Pennsylvania State Police." *Lt. Colonel George Bivens*, PA.GOV, https://perma.cc/27FD-E84L.

27. In connection with his command over the State Police, Defendant Bivens is responsible for the implementation, execution, and administration of the Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, the Pennsylvania Instant Check System ("PICS"), the State Police's system, and the implementing laws, regulations, customs, practices, and policies of the PSP and the Commonwealth, as all the same relate to the implementation and enforcement of the Carry Ban that prevents law-abiding 18-to-20-year-olds from obtaining a carry license as a necessary prerequisite to the lawful carry of a firearm throughout the Commonwealth.

28. Specifically, the State Police oversees PICS, through which local law enforcement conduct background checks prior to issuing a carry license. 18 Pa.C.S. § 6109(d)(5). The State Police's webpage explains that it is "necessary" for "County Sheriffs" and "Law enforcement Officers" to contact the PICS unit by phone or through a web-based e-PICS tool when "conducting a firearm-related transaction" such as "[o]btaining a license to carry." *Request a Check Prior to the Purchase, Transfer or Return of a Firearm or Obtaining a License to Carry*, Commonwealth of Pennsylvania, Pennsylvania State Police, https://tinyurl.com/5a2bwsdv. The e-PICS website confirms that it is intended for use by "County Sheriffs and Law Enforcement Officers upon lawful application for … obtaining a License to Carry a Firearm." PICS, Pennsylvania State Police, https://epics.pa.gov/PICS/. The State Police also establishes the uniform carry license application used by all licensing officials across the State. 18 Pa.C.S. § 6109(c).

29. The State Police also enforces the Carry Ban by arresting individuals who carry concealed, in their vehicle without a license, or in Philadelphia. *See Lara*, 125 F.4th 428 (directing entry of an injunction forbidding the Commissioner of the State Police from arresting 18-20-year-

olds who openly carried firearms). The State Police website states that only "[a] person who is 21 years of age or older may apply for a License to Carry Firearms" which is required for "individuals to carry a firearm concealed on their body or in a vehicle." *Carrying Firearms in Pennsylvania: Who can apply for a Pennsylvania License to Carry?*, Commonwealth of Pennsylvania, Pennsylvania State Police, https://tinyurl.com/2jbecvrt. That same page explains that "[c]arrying a firearm in a vehicle or concealed on the body" is either a felony of the third degree or a misdemeanor of the first degree depending on surrounding circumstances. *See id.* ("*Are there exceptions to carrying a firearm without a Pennsylvania License to Carry?*").

## GENERAL ALLEGATIONS

30. Plaintiffs incorporate herein by reference all the foregoing paragraphs as if fully set forth herein.

31. In the Commonwealth of Pennsylvania, it is generally illegal to carry a firearm in a vehicle or concealed on one's person (except in one's own "place of abode or fixed place of business") "without a valid and lawfully issued license" pursuant to the UFA. 18 Pa.C.S. § 6106(a). Further, it is generally illegal to carry a firearm in any manner (concealed or open) "in a city of the first class," unless a person "is licensed to carry a firearm" or "exempt from licensing under section 6106(b)." *Id.* § 6108. A "city of the first class" is one with a population of one million or more. 11 Pa.C.S. § 201. Philadelphia constitutes a city of the first class, with a population of over 1.5 million. *See QuickFacts: Philadelphia city, Pennsylvania*, U.S. CENSUS BUREAU, census.gov/quickfacts/fact/table/philadelphiacitypennsylvania/PST045225.

32. There is a single, uniform carry license application used by all licensing officials across Pennsylvanis that is prescribed by the State Police. 18 Pa.C.S. § 6109(c) ("The application for a license to carry a firearm shall be uniform throughout this Commonwealth and shall be on a

form prescribed by the Pennsylvania State Police. … Issuing authorities shall use only the application form prescribed by the Pennsylvania State Police.”).

33. Applications must be submitted to the Sheriff in the county of the applicant’s residence (or the chief of police in the City of Philadelphia). *Id.* § 6109(b); *Carrying Firearms in Pennsylvania: Who can apply for a Pennsylvania License to Carry?*, PA.GOV, https://bit.ly/3VNh0MI (last visited Aug. 16, 2026) (“Submit applications to the sheriff of the county where you live. If you live in a city of the first class (Philadelphia), submit applications to the chief of police.”).

34. Sheriffs or local law enforcement must clear license applicants through PICS, the State Police’s background check system, prior to issuing a license. 18 Pa.C.S. § 6109(d)(5). “The [Pennsylvania Instant Checks System] is designed for use by licensed firearms dealers, county sheriffs, and chiefs of police of cities of the first class to ascertain an individual’s eligibility to obtain a license to carry firearms or purchase or transfer a firearm, in accordance with their statutory responsibilities.” *Firearms Annual Report 2024* at 3, PA. STATE POLICE, https://perma.cc/BP84-R9DM.

35. Pennsylvania declares all adults under 21 ineligible to apply for or obtain a carry license: “An individual *who is 21 years of age or older* may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.” 18 Pa.C.S. § 6109(b) (emphasis added); *see also Carrying Firearms in Pennsylvania: Who can apply for a Pennsylvania License to Carry?*, *supra* (“A person who is 21 years of age or older may apply for a License to Carry Firearms.”).

36. “[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license … commits a felony of the third degree.” 18 Pa.C.S.

§ 6106(a). A conviction is punishable by up to seven years imprisonment. *Id.* § 1103(3). A conviction also renders the offender a prohibited person under federal law, who is thereafter unable to lawfully purchase, possess, or utilize firearms and ammunition. 18 U.S.C. § 922(g)(1).

37. Closing off the ability of adults under 21 to obtain a carry license, as Pennsylvania does by mandating that any applicant for a carry license be "21 years of age or older," 18 Pa.C.S. § 6109(b), has a real and practical impact on the constitutionally protected right to carry a firearm in public for self-defense.

38. While the Commonwealth does not generally bar 18-to-20-year-olds from carrying firearms openly in public, the practical ability to exercise that right is severely circumscribed by other aspects of Pennsylvania and federal law.

39. The restrictions on carrying in cities of the first class mean that 18-to-20-year-olds generally cannot carry in Philadelphia. At 134.10 square miles, Philadelphia is the largest city in the Commonwealth. *Pennsylvania Land Area City Rank*, USA.COM, https://bit.ly/4gGMCvj. More crimes occur in Philadelphia than in any other city in Pennsylvania. In 2025, over 13,000 violent crimes were committed in Philadelphia, accounting for nearly 44% of all violent crime in Pennsylvania.[1] Thus, the Carry Ban renders Plaintiffs defenseless in the Commonwealth's most violent city.

40. The restrictions on transporting firearms in vehicles make it functionally impossible for 18-to-20-year-olds to carry beyond the vicinity immediately surrounding their home. Individuals without a carry license generally can transport a firearm in a vehicle in only highly specific circumstances—and even then only if the firearm is locked and unloaded, and thus useless

[1] Based on data collected in the FBI's Crime Data Explorer, calculated by comparing the aggregate violent-crime numbers for all agencies in Philadelphia County (reporting 13,047 violent crimes in 2025) against the total for Pennsylvania as a whole (29,831). FBI Crime Data Explorer, Data Discovery Tool, online at https://cde.ucr.cjis.gov/.

"in case of confrontation," *Heller*, 554 U.S. at 592—such as to or from a place of repair or for firearms training, *see* 18 Pa.C.S. § 6106(a), (b). This means that 18-to-20-year-olds generally cannot lawfully exercise their right to armed self-defense while in a vehicle nor in any places where they travel with a vehicle—given the few places they can transport a firearm to and the requirement that the firearm be stored locked and unloaded. Functionally, this means that Plaintiff Maines and similarly situated individuals, including Plaintiff FPC's and NRA's 18-20-year-old Pennsylvania members, cannot have a loaded or unloaded firearm with them while traveling to any grocery store, convenience store, mall, restaurant, or any number of other locations in the Commonwealth that individuals visit on a daily basis. Additionally, even while transporting a firearm (locked and unloaded) to one of the "authorized" locations under State law, Plaintiff Maines and similarly situated individuals, including Plaintiff FPC's and NRA's 18-20-year-old Pennsylvania members, are prohibited from stopping for gas, food, a bathroom break, or even from going directly from one exempt location to another.

41. More, federal law bans possession of firearms within 1,000 feet of school grounds unless (among other exceptions) the individual possesses a concealed-carry license from the state in which the school is located. 18 U.S.C. §§ 921(a)(26), 922(q)(2)(A), (B)(ii). The net result is that Pennsylvania's exclusion of 18-to-20-year-olds from eligibility for a concealed handgun permit effectively bars them from carrying within 1,000 feet of a school under federal law.[2] And these 1,000-foot gun-free zones emanate from each and every school in Pennsylvania, making it impossible for those without carry licenses to lawfully carry a firearm in the Commonwealth to, through, and from any number of destinations. This prohibition includes merely passing through one of these zones. Based on publicly available data, there are more than 2,900 elementary and

[2] *Cf. United States v. Allam*, 677 F. Supp. 3d 545, 565–67 & nn. 30–31 (E.D. Tex. 2023) (explaining how state permitting decisions impact the ability to carry under 18 U.S.C. § 922(q)).

secondary schools in Pennsylvania.[3] Importantly, these 1,000-foot gun-free zones are not marked or identified in any particular way, and encompass vast swaths of public and private property, including major and minor roads and thoroughfares throughout the Commonwealth. These zones, in and of themselves, are not and cannot be so-called "sensitive places." *Bruen*, 597 U.S. at 30–31 (cautioning against "expanding the category of 'sensitive places'" such that it "would eviscerate the general right to publicly carry arms for self-defense").

42. Plaintiffs are law-abiding, responsible citizens who wish to exercise their Second Amendment protected right to bear arms in public for self-defense on par with all other Pennsylvania adults by obtaining a carry license. The Commonwealth's regulatory scheme, however, deprives Plaintiffs of any path to do so.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(SECOND AND FOURTEENTH AMENDMENTS)**

43. Plaintiffs incorporate here by reference the paragraphs above as if fully set forth herein.

44. Pennsylvania's regulatory scheme prohibiting 18-to-20-year-old adults from obtaining carry licenses violates the Second and Fourteenth Amendments. The Second Amendment is applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (incorporating through Substantive Due Process); *id.* at 805 (Thomas, J., concurring) (incorporating through the Privileges or Immunities Clause).

45. To determine whether a firearm regulation is constitutional under *Bruen*, the analysis begins with whether the Second Amendment's plain text covers an individual's conduct;

[3] *Pennsylvania Education Statistics 2026: Schools, Enrollment & Spending*, US School Index, https://usschoolindex.org/pennsylvania-education-statistics/.

if so, the Constitution presumptively protects that conduct. *See Bruen*, 597 U.S. at 22–24. If that requirement is satisfied, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. In other words, it is the Commonwealth's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19 (cleaned up); *see also Wolford v. Lopez*, 146 S. Ct. 2032, 2043–44 (2026).

46. *Bruen* and *Wolford* have already established that the Second Amendment covers Plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Bruen*, 597 U.S. at 31–33; *Wolford*, 146 S. Ct. at 2044–45. Therefore, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in public in Pennsylvania. *Bruen*, 597 U.S. at 24; *see also Reese*, 127 F.4th at 595, 600. Stated another way, Pennsylvania's regime is "presumptively unconstitutional." *Wolford*, 146 S. Ct. at 2044.

47. Under *Bruen*, the burden shifts to the Commonwealth. It must show that its age requirement is "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 34. "[W]hen the Government regulates arms-bearing conduct, as when the Government regulates other constitutional rights, it bears the burden to 'justify its regulation.'" *United States v. Rahimi*, 602 U.S. 680, 691 (2024) (quoting *Bruen*, 597 U.S. at 24). And it must do so by offering persuasive legal history. *See Bruen*, 597 U.S. at 25; *id.* at 25 n.6 (courts "decide a case based on the historical record compiled by the parties"); *United States v. Hemani*, 146 S. Ct. 1677, 1687 (2026) (similar).

48. Pennsylvania cannot meet this burden. There is no well-established and representative historical tradition of prohibiting law-abiding, responsible 18-to-20-year-old adults from bearing arms. *See Lara*, 125 F.4th at 438–46 (concluding that restricting the Second Amendment rights of 18-to-20-year-old adults was inconsistent with the Nation's historical

tradition of firearm regulation); *Worth*, 108 F.4th at 695–98 (same); *Reese*, 127 F.4th at 595–600 (same).

49. As for the prohibition on carrying in cities of the first class, *Bruen* held that banning carry to address "firearm violence in densely populated communities" violates the Second Amendment. 597 U.S. at 27; *see also id.* at 31 ("[T]here is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department.").

50. Accordingly, prohibiting 18-to-20-year-old adults from obtaining a carry license violates the Second Amendment.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

1. Issue a declaratory judgment that 18-to-20-year-olds have a fundamental right to carry outside the home and that the Commonwealth's prohibition on granting licenses to carry to 18-to-20-year-olds is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution;

2. Permanently enjoin Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendants from enforcing the prohibition in 18 Pa.C.S. § 6109(b) on the issuance of a carry license to 18-to-20-year-old adults, including against Plaintiffs and Plaintiffs Firearms Policy Coalition's and National Rifle Association of America's Pennsylvania-resident, 18-to-20-year old members;

3. Enjoin Defendant Bivens, in his official capacity as Commissioner of the Pennsylvania State Police, and all persons who are in active concert or participation with the Pennsylvania State Police, from administering the Pennsylvania Instant Check System ("PICS") in a manner that prevents the issuance of carry licenses to 18-to-20-year-old adults, including

Plaintiffs and Plaintiffs Firearms Policy Coalition's and National Rifle Association of America's Pennsylvania-resident, 18-to-20-year old members;

4. Award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law; and

5. Grant any and all further legal and equitable relief against Defendant as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

Dated: October 29, 2026

Respectfully Submitted,

Bradley A. Benbrook*
Stephen M. Duvernay*
Jamie G. McWilliam*
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com
jamie@benbrooklawgroup.com

*/s/ Bradley P. Lehman*
Bradley P. Lehman
WHITEFORD, TAYLOR & PRESTON, LLC
600 North King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 353-4144
blehman@whitefordlaw.com

*Attorneys for Plaintiffs*

*Application to appear *pro hac vice* forthcoming