**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DANIEL MAINES, an individual; FIREARMS POLICY COALITION, INC.; and NATIONAL RIFLE ASSOCIATION OF AMERICA,

Plaintiffs,

v.

KEVIN BETHEL, in his official capacity as Police Commissioner of the Police Department of Philadelphia, Pennsylvania; and LIEUTENANT COLONEL GEORGE L. BIVENS, in his official capacity as Commissioner of the Pennsylvania State Police,

Defendants.

Civil Action No.: 2:26-cv-08301

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR AN EXTENSION OF THE DEADLINE TO RESPOND TO PLAINTIFFS' COMPLAINT AND PI/SJ MOTION**

Plaintiffs Daniel Maines, Firearms Policy Coalition, Inc. ("FPC"), and National Rifle Association of America ("NRA") (collectively, "Plaintiffs") respectfully oppose Defendant's motion for extension of the deadline to respond.

While Plaintiffs do not oppose a reasonable extension of time to respond to Plaintiffs' Motion for Preliminary Injunction, or alternatively Summary Judgment ("PI Motion"), Plaintiffs cannot agree to a 60-day extension given the ongoing irreparable injury to Plaintiffs and their membership. Pennsylvania's 18-to-20-year-old adults, including Plaintiff Maines and FPC's and NRA's members, are categorically prohibited from obtaining a carry license, rendering it impossible for them to publicly carry for self-defense in areas like Philadelphia. This is a complete denial of their constitutionally protected right to bear arms. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 33 ("[T]he Second Amendment guarantees a general right to public carry ….").
The extension Defendant Bethel proposes would simply extend and exacerbate Plaintiffs' irreparable constitutional injuries in the absence of a preliminary injunction.

Further, this case presents a straightforward question of constitutional law based on undisputed facts and is suitable for immediate resolution. The Third Circuit has already held that 18-to-20-year-olds are protected by the Second Amendment. *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 438 (3d Cir. 2025). And besides narrow facts pertaining to Plaintiffs' standing, which Plaintiffs satisfy in their signed declarations, the only facts relevant to the *Bruen* inquiry are "legislative facts, not adjudicative facts," "subject to judicial notice," and so may be resolved on summary judgment. *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 183 F.4th 211, 241 n.28 (3d Cir. 2026) (en banc). The issues in this case are therefore a far cry from "substantial and complex," and are prime for quick judicial resolution.

Given the straightforward nature of the question presented, when Defendants approached Plaintiffs about the instant motion, Plaintiffs offered to proceed to the merits through summary judgment on Defendant's proposed timeline (with Defendant's opposition brief due on January 19).

Plaintiffs request that Defendant's motion for an extension be denied or, in the alternative, that the Court order the parties to proceed to the merits through summary judgment briefing on the Defendants' proposed schedule.

Dated: November 20, 2026

Respectfully Submitted,

/s/ Bradley A. Benbrook
Bradley A. Benbrook*
Stephen M. Duvernay*
Jamie G. McWilliam*
BENBROOK LAW GROUP, P.C.
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com
jamie@benbrooklawgroup.com

/s/ Bradley P. Lehman
Bradley P. Lehman
WHITEFORD, TAYLOR & PRESTON, LLC
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
blehman@whitefordlaw.com

*Attorneys for Plaintiffs*

*Application to appear *pro hac vice* forthcoming